*2006 ND 88*

In the Matter of the JUDICIAL VACAN-CY IN DISTRICT JUDGESHIP NO. 5, with Chambers in Ellendale, North Dakota, Southeast Judicial District.

No. 20060035.

*Supreme Court of North Dakota.*

*April 26, 2006.*

PER CURIAM.

[¶ 1]   On February 3, 2006, Governor John Hoeven officially notified the Supreme Court that the Honorable Ronald E. Goodman, Judge of the District Court, designated as Judgeship No. 5 with chambers in Ellendale, Southeast Judicial District, is retiring on August 1, 2006. Judge Goodman's impending retirement will create a vacancy under Section 27–05–02.1, N.D.C.C.

## I.   Judicial Vacancy

[¶ 2]   Under Section 27–05–02.1, N.D.C.C., this Court is required to review vacancies that occur and determine, within 90 days of receiving notice of a vacancy, whether the office is necessary for effective judicial administration. This Court may, consistent with that determination, order the vacancy filled in its current location or order the vacant office transferred to any location in which a judge is necessary for effective judicial administration. N.D.C.C. § 27–05–02.1(5).

[¶ 3]   Under N.D. Sup.Ct. Admin. R. 7.2, notice of a written consultation with the attorneys and judges of the Southeast Judicial District was posted February 8, 2006, on the website of the Supreme Court. Notice was also electronically provided to all presiding judges of the state. Written comments on the vacancy were invited and a hearing held March 27, 2006. This procedure is sufficient for purposes of the consultation required under N.D.C.C. § 27–05–02.1.

[¶ 4]  A Report containing population and caseload trends, and other criteria identified in N.D. Sup.Ct. Admin. R. 7.2, Section 4, was filed March 13, 2006, by the Southeast Judicial District.

[¶ 5]   Under the criteria of Section 4 of N.D. Sup.Ct. Admin. R. 7.2, the Court has considered all submissions received by the Court and its own administrative records on state-wide weighted caseload data. As noted below in ¶ 8, the district, as a whole, experiences a shortage of judicial resources with the current number of judges chambered within the district. We determine that Judgeship No. 5 is necessary for effective judicial administration in the Southeast Judicial District.

## II.   Chamber Location

[¶ 6]   The Southeast Judicial District has six district judgeships serving eleven

counties. The judgeships are currently chambered in Ellendale, Jamestown, New Rockford, Valley City and Wahpeton. The counties served are Barnes, Dickey, Eddy, Foster, Griggs, LaMoure, Ransom, Richland, Sargent, Stutsman and Wells. While chamber location may always be considered by this Court when a judgeship is being vacated, no Petition for Relocation of Judgeship No. 5, with chambers in Ellendale, has been filed. Nonetheless, we have reviewed information under the criteria identified in N.D. Sup.Ct. Admin. R. 7.1, § 4. Discussion of the factors follows.

a. *Annual district court combined civil, criminal and formal juvenile caseload for the most recent three-year period and any discernible caseload trends or patterns.*

[¶ 7] Our weighted caseload study allocates judicial resources (including judges and judicial referees) needed to handle cases after weighting each type of case by the time required to process an average case of that type. The study also allocates time not available for handling cases but which is required from a judge, such as for travel and for the presiding judge to handle administrative matters. The resulting computation expresses the minimum judicial resources as the judicial Full Time Equivalent ("judicial FTE") required to meet the needs of the district based upon weighted case filings. When minimum judicial FTE's are compared to available judicial FTE's, the difference is expressed as a positive number, indicating there are more judicial resources available than current weighted case filings require, or a negative number, indicating there are fewer judicial resources than are needed to serve those weighted case filings. Ideally a judicial district as a whole would show a small positive number, indicating judicial resources for that district have a margin for contingencies such as the prolonged illness of a judge and similar circumstances not currently accounted for in the weighted caseload study as well as some margin for error in the structure of the study.

[¶ 8] Our study shows the Southeast Judicial District continues to have a shortage of judicial resources.

| Year | Weighted Filings | Judicial FTE Required | Difference |
|------|---------|----------|------------|
| 2003 | 419,243 | 6.96 | -0.96 |
| 2004 | 443,445 | 7.35 | -1.35 |
| 2005 | 430,669 | 7.15 | -1.15 |

See *Petition to Change Judgeship from Valley City to Jamestown,* 2002 ND 124 ¶¶ 6 and 7, 650 N.W.2d 808, regarding judicial resources in the Southeast Judicial District from 1997 through 2001.

[¶ 9] Judicial overages and shortages in counties in which judgeships are chambered are listed in the chart below.

| Year | Barnes | Dickey | Eddy | Richland | Stutsman |
|------|--------|--------|------|----------|----------|
| 2003 | 0.86 | 0.64 | 0.80 | -0.35 | -1.07 |
| 2004 | 0.68 | 0.62 | 0.79 | -0.48 | -1.23 |
| 2005 | 0.68 | 0.61 | 0.79 | -0.44 | -1.20 |

Judicial shortages for counties that have no chambered judgeships are listed in the chart below.

| Year | Foster | Griggs | LaMoure | Ransom | Sargent | Wells |
|------|--------|--------|---------|--------|---------|-------|
| 2003 | -0.25 | -0.14 | -0.46 | -0.40 | -0.24 | -0.33 |
| 2004 | -0.27 | -0.18 | -0.28 | -0.44 | -0.26 | -0.32 |
| 2005 | -0.25 | -0.17 | -0.20 | -0.43 | -0.22 | -0.32 |

[¶ 10] The Report filed by the Southeast Judicial District indicates that Judgeship No. 5, while chambered in Dickey County, is responsible for the caseload in

Dickey, LaMoure and Sargent Counties, as well as a share of the caseload in Ransom and Richland Counties. These five counties currently have a combined judge shortage of 0.68. The remaining six counties in the Southeast Judicial District have a combined judge shortage of 0.47. Eddy, Dickey and Barnes Counties, which have chambered judgeships, are the only counties with judicial overages. Both Richland and Stutsman Counties have chambered judgeships, and show a judicial shortage, with the largest shortage being in Stutsman County.

[¶ 11] An overage in a chambered county addresses the needs of non-chambered counties as well as other chambered counties within the district, because judges regularly provide services in counties other than the chambered county. Given the geographical proximity of chambered and non-chambered counties in the district, the judicial overages in Barnes and Eddy Counties are most proximate to the judicial shortage in Stutsman County, and the overage in Dickey County is most proximate to the shortage in Richland County.

*b. Number and location of attorneys.*

[¶ 12] There are 31 licensed attorneys in Dickey, LaMoure, Ransom, Richland and Sargent Counties. The majority of those attorneys, 16, are in Wahpeton. Dickey County, where Judgeship No. 5 is chambered, has 4 attorneys. The remaining counties in the Southeast Judicial District have 51 attorneys, with 21 of those in Jamestown, and 17 in Valley City.

*c. Community facilities (restaurants, motels, etc.), and d. Convenience of travel access from surrounding communities (highway, bus, train, air, and parcel services, etc.).*

[¶ 13] Except for communities centrally located, these factors would favor moving all judgeships to larger communities, which in this instance would be Jamestown or Wahpeton.

*e. Compliance with or commitment to court facility standards.*

[¶ 14] The Report filed by the Southeast Judicial District indicates that every county in the district maintains court facilities, and that the individual counties take great pride in their local courthouses, especially the courtrooms.

*f. Proximity to detention facilities for adults and juveniles.*

[¶ 15] There are Class I jails in Barnes, Stutsman and Richland Counties. A Class I jail allows an inmate to be held up to one year. Stutsman County is also the location of the James River Correctional Center, operated by the Prisons Division of the North Dakota Department of Corrections and Rehabilitation. In addition, the State Hospital for the Mentally Ill is in Stutsman County. To the extent the presence of these institutions makes demand upon our judicial resources, the demand has been reflected in our weighted caseload studies and are indicated in ¶¶ 8 and 9 above. We do not find it a significant factor that Ellendale, the chamber location of Judgeship No. 5, does not have a Class I jail. The Southeast Judicial District acknowledges this is a traveling judgeship primarily responsible for the caseload in three counties, and partially responsible for the caseload in two additional counties.

*g. Cooperative court service arrangements with the county courts.*

[¶ 16] This factor is obsolete, and has no bearing on the location of the chambers of Judgeship No. 5.

*h. Proximity to a Human Service Center of the Department of Human Services.*

[¶ 17] The Department of Human Services operates eight regional human service centers. Each provides help to

individuals and families with concerns including family and relationship issues, mental illness, addiction, disabilities, and other needs. The counties of the Southeast Judicial District are served by either the South Central Human Service Center, which is located in Jamestown, or the Southeast Human Service Center, which is located in Fargo.

*i. Impact of any change of chamber on travel time for judges, court personnel, attorneys, and litigants.*

[¶ 18] The Southeast Judicial District is a high travel district. Our weighted caseload study allocates 9,225 minutes per year to each judge in the district for travel. It is unclear if we were to transfer Judgeship No. 5 to Jamestown or Wahpeton whether the total mileage chargeable to the state would be reduced. Both Judge Simonson and Judge Paulson, chambered in Valley City, currently travel to Jamestown on a regular basis, which is a distance of 32 miles. However, if Judgeship No. 5 were to be moved to Jamestown they would have to travel, perhaps less frequently, to LaMoure, Ransom, Dickey, Sargent and Richland Counties. The distance from Valley City to Wahpeton is 111 miles; to Ellendale, 87 miles; to Lisbon, 52 miles; to LaMoure, 51 miles; and to Forman, 76 miles. If Judge Bekken, who is chambered in New Rockford, assists in the disposition of the caseload in these five counties, the distances to the various county seats increase by as much as 92 miles. Likewise, if the judgeship were moved to Wahpeton, the distance to Ellendale is 110 miles; to Lisbon, 65 miles; to LaMoure, 94 miles; and to Forman, 59 miles. Presumably, there would also be the periodic need to travel to Jamestown to assist in disposition of the caseload, which is 144 miles from Wahpeton.

[¶ 19] In projecting travel distances, we are mindful the governing statute, Section 27–05–08, N.D.C.C., does not require a judge to live in the city where the chambers are located, but only requires the judge to live within the district where the chambers are located. Therefore, if we were to transfer the judgeship, the actual impact on travel time of the judge appointed to Judgeship No. 5 is unknown at this time.

*j. Population distribution in the judicial district or de facto subdistrict.*

[¶ 20] We have previously reviewed the population trends of the Southeast Judicial District. *See* 2002 ND 124 ¶¶ 12 and 13, 650 N.W.2d 808. The population of the district declined to 84,481 in 2005 and is projected to decline to 82,214 in 2015. *See* North Dakota State Data Center, *Population Projections in North Dakota: 2005–2020, available at http://www.ndsu. nodak.edu/publications /population/18_9 release.pdf* (Issued September 2002). The population in Barnes, Eddy, Foster, Griggs, Stutsman and Wells Counties is 46,672. There are four judgeships primarily responsible for the caseload in these counties. The population of Dickey, LaMoure, Ransom, Richland and Sargent Counties is 37,809. There are two judgeships primarily responsible for the caseload of these counties.

[¶ 21] Despite the impact of population concentration on demand for judicial services, we remain mindful of the legislative policy directing a percentage of chambers to be located in our state's smaller cities. Section 27–05–08, N.D.C.C., provides: "However, not more than seventy percent of the chambers of the district judges may be located in cities with a population of more than ten thousand." The North Dakota State Data Center reports the population of Ellendale as 1,559 and Jamestown as 15,527 based on the 2000 census. Currently 33 percent of judicial chambers are located in cities of less than 10,000.

Transfer of this judgeship to Jamestown would bring us to the statutory limit, which will reduce the flexibility needed to respond to population shifts and still comply with Section 27–05–08, N.D.C.C. Transferring the judgeship to Wahpeton, which has a population of 8,586, would have no effect on the current percentages. Compliance with the statutory directive has created and will continue to create inefficiencies within the judicial system.

*k. Impact on affected judicial system employees (juvenile, transcript preparation, and clerks of district court).*

[¶ 22] The relocation of a judgeship may impact all staff. Although moving Judgeship No. 5 to one of the larger cities in the district may aid in transcript preparation, as there would be additional employees to cover court duties when a transcript deadline is approaching, this is not a predominate factor that favors moving the judgeship.

*l. Recommendation of the presiding judge of the judicial district, after consultation with the judges of the judicial district.*

[¶ 23] The Report filed by the district contains no recommendation on the location of Judgship No. 5.

[¶ 24] We have expressed a preference to change the designations of district judgeships upon the vacancy of a judgeship rather than moving a sitting judge. *See* 2002 ND 124, ¶ 17, 650 N.W.2d 808, and *Matter of the Consultations Under Section 27–05–02.1*, 1999 ND 226, ¶ 38, 603 N.W.2d 57. Additionally, the requirement of adequate judicial services must be the primary consideration of the Court's exercise of its authority to designate the location of judgeships under Section 27–05–02.1, N.D.C.C. We recognize a number of the factors favor moving a judgeship to Jamestown or Wahpeton, which are located in the two largest counties in the district. However, this vacancy does not appear to be the most appropriate vacancy in the district to transfer, and we do not believe a review of the factors compels a transfer of Judgeship No. 5.

[¶ 25] We have confidence that the Honorable John T. Paulson, Presiding Judge of the Southeast Judicial District, together with the judges of the district and their successors, will continue to do their best to provide routine, effective judicial services throughout the district.

[¶ 26] IT IS HEREBY ORDERED, that Judgeship No. 5 of the Southeast Judicial District, with chambers in Ellendale, be filled in the manner provided by N.D.C.C. Chapter 27–25.

[¶ 27] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.