Filed 7/15/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 134

In the Matter of the Chambering of a New Judgeship 

in the Southeast Judicial District
 

No. 20090163

Per curiam.

[¶1] 
The 61
st
 Legislative Assembly passed Senate Bill 2121 (2009 N.D. Sess. Laws ch. 261), which has been signed by the Governor, and became effective July 1, 2009.  This legislation provides for an additional district court judge in the Southeast Judicial District with the chambers to be assigned by the Supreme Court.   

[¶2] N.D. Sup. Ct. Admin. R. 7.1 provides the procedure for establishing judgeship chambers within the judicial districts of North Dakota.  Under N.D. Sup. Ct. Admin. R. 7.1, notice of an opportunity to provide written comment was sent to the Boards of County Commissioners for each county of the Southeast Judicial District.  The notice of comment was also published once in the official newspaper for each of the affected counties.  On May 28, 2009, electronic notice was published on the website of the Supreme Court.  Written comments on chambering were invited through July 1, 2009.

[¶3] A Report containing population and caseload trends, and other criteria identified in N.D. Sup. Ct. Admin. R. 7.1, Section 4, and recommending chambering the new judgeship in Jamestown was filed June 17, 2009, by the Honorable John T. Paulson, Presiding Judge, and Rodney Olson, Trial Court Administrator, for the Southeast Judicial District. The Ransom County Commissioners filed a petition in support of chambering the new judgeship in Lisbon, which was supported by the City of Lisbon.

[¶4] The Southeast Judicial District has six district judgeships serving eleven counties.  The judgeships are currently chambered in Ellendale, Jamestown, New Rockford, Valley City and Wahpeton.  The counties served are Barnes, Dickey, Eddy, Foster, Griggs, LaMoure, Ransom, Richland, Sargent, Stutsman and Wells.  

[¶5] We have reviewed information under the criteria identified in N.D. Sup. Ct. Admin. R. 7.1, § 4.  Discussion of the factors follows.

a.  Annual district court combined civil, criminal and formal juvenile caseload for the most recent three-year period and any discernible caseload trends or patterns.

[¶6] Our weighted caseload study allocates judicial resources (including judges and judicial referees) needed to handle cases after weighting each type of case by the time required to process an average case of that type. The study also allocates time not available for handling cases but which is required from a judge, such as for travel and  for the presiding judge to handle administrative matters. The resulting computation expresses the minimum judicial resources as the judicial Full Time Equivalent (“judicial FTE”) required to meet the needs of the district based upon weighted case filings.  When minimum judicial FTE’s are compared to available judicial FTE’s, the difference is expressed as a positive number, indicating there are more judicial resources available than current weighted case filings require, or a negative number, indicating there are fewer judicial resources than are needed to serve those weighted case filings.  Ideally a judicial district as a whole would show a small positive number, indicating judicial resources for that district have a margin for contingencies such as the prolonged illness of a judge and similar circumstances not currently accounted for in the weighted caseload study as well as some margin for error in the structure of the study.

[¶7] Our study shows the Southeast Judicial District continues to have a shortage of judicial resources.

Year

Weighted Filings

Judicial FTE Required

Difference

2006

417,782

6.94

-0.94

2007

427,632

7.10

-1.10

2008

429,942

7.13

-1.13

See
 
Judicial Vacancy in Judgeship No. 5, Southeast Judicial District
, 2006 ND 88, ¶¶ 8 and 9, 713 N.W.2d 95, regarding judicial resources in the Southeast Judicial District from 2003 through 2005; 
Petition to Change Judgeship from Valley City to Jamestown
, 2002 ND 124 ¶¶ 6 and 7, 650 N.W.2d 808, regarding judicial resources in the Southeast Judicial District from 1997 through 2001.

[¶8] Weighted caseload filings in counties in which judgeships are chambered are listed in the chart below.

Year

Barnes

Dickey

Eddy

Richland

Stutsman

2006

65,024

24,359

11,090

90,273

129,808

2007

68,081

28,080

9,731

82,361

131,737

2008

66,551

26,429

12,483

86,028

138,386

Weighted caseload filings for counties that have no chambered judgeships are listed in the chart below.

Year

Foster

Griggs

LaMoure

Ransom

Sargent

Wells

2006

16,202

11,509

11,509

26,759

14,479

16,770

2007

14,978

13,134

14,567

31,062

14,192

19,710

2008

15,099

11,041

13,102

27,635

14,735

18,453

[¶9] The Report filed by the Southeast Judicial District indicates Stutsman County accounts for 32% of the district’s caseload, and continues to have the greatest need for additional judicial services. Our weighted caseload study confirms this need.

b.  Number and location of attorneys
.

[¶10] According to the 2009 Directory of Lawyers and Judges published by the State Board of Law Examiners, there are 36 licensed attorneys in Dickey, LaMoure, Ransom, Richland and Sargent Counties.  The majority of those attorneys, 20, are in Wahpeton, Richland County.  The remaining counties in the Southeast Judicial District have 50 attorneys, with 22 of those in Jamestown, Stutsman County, and 15 in Valley City, Barnes County.

c.  Community facilities (restaurants, motels, etc.), and d.  Convenience of travel access from surrounding communities (highway, bus, train, air, and parcel services, etc.).

[¶11] The Report indicates that Jamestown has six motels associated with nationally-recognized chains, as well as two smaller motels.  It also has over two dozen restaurants, three museums, an art center and a variety of other recreational opportunities including two area lakes.  According to the Ransom County Commission petition, Lisbon has two motels and seven restaurants in the immediate area.

e.  Compliance with or commitment to court facility standards.

[¶12] The Report filed by the Southeast Judicial District indicates that every county in the district maintains court facilities, and that the individual counties take great pride in their local courthouses, especially the courtrooms.  Ransom County has two adjoining, but separate, offices for the Judge and the Judge’s Clerk.  Ransom County also has a traditional style courtroom, with jury accommodations, audio visual capabilities, integrated audio that connects to the phone system and a Kevlar protected Judge’s bench.  There were formerly two judges chambered in Stutsman County, so the chambers and outer office for support staff for a second judge are still available.  Stutsman County Courthouse has three courtrooms, one of which is equipped with an ITV system.  

f.  Proximity to detention facilities for adults and juveniles.

[¶13] There are Class I jails in Barnes, Stutsman and Richland Counties.  A Class I jail allows an inmate to be held up to one year.   Stutsman County is also the location of the James River Correctional Center, which is a part of the State Penitentiary system.  In addition, the State Hospital for the Mentally Ill is in Stutsman County. Due to the proximity of the State Hospital, Stutsman County does handle some commitment hearings for other counties around the state.  These are time consuming and often disrupt a court’s calendar because of the short duration before a matter must be heard and because the length of the hearing is hard to gauge.  Ransom County presently has a jail service agreement with the Barnes County jail and sometimes sends prisoners to the Richland County jail.

g.  Cooperative court service arrangements with the county courts.

[¶14] This factor is obsolete, and has no bearing on the location of the chambers of the judicial vacancy. 

h.  Proximity to a Human Service Center of the Department of Human Services.

[¶15] The counties of the Southeast Judicial District are served by either the South Central Human Service Center, which is located in Jamestown, or the Southeast Human Service Center, which is located in Fargo, with the exception of Eddy County which is serviced by the Region III Human Services Center located in Devils Lakes.

i.  Impact of any change of chamber on travel time for judges, court personnel, attorneys, and litigants.

[¶16] The Southeast Judicial District is a large geographical area containing eleven counties that account for approximately 18% of the land mass of North Dakota.  The Report indicates that in 2008, the judges in the Southeast Judicial District traveled over 38,000 miles combined, an average of over 6,400 miles per judge.  Approximately 6,500 of those combined miles were from judges traveling to Stutsman County.  While not all of the miles would be eliminated by chambering another Judge in Stutsman County, travel time to the county would be significantly reduced.

j.  Population distribution in the judicial district or de facto subdistrict.

[¶17] We have previously reviewed the population trends of the Southeast Judicial District.  
See
 2006 ND 88, ¶¶ 20 and 21; 2002 ND 124, ¶¶ 12 and 13.  The population of the district declined to 84,481 in 2005 and is projected to decline to 80,802 in 2020.  
See
 North Dakota State Data Center, 
North Dakota Population Projection: 2005-2020,
 available at
 http://www.ndsu.nodak.edu/sdc/publications/reports/ProjectionsReport2002updat

ed.pdf
 (Issued September 2002).  The county with the highest population is Stutsman, which has almost 26% of the population of the entire district.

k.  Impact on affected judicial system employees (juvenile, transcript preparation, and clerks of district court).

[¶18] Since each judge traveling to Stutsman County is normally accompanied by an electronic court recorder or court reporter, chambering an additional judge in Stutsman County and support person would reduce the travel time for support staff. 

l.  Recommendation of the presiding judge of the judicial district, after consultation with the judges of the judicial district.

[¶19] The Report filed by the district indicates that the presiding judge recommends Jamestown be the chambers for the new judgeship position.  Further, the presiding judge reported that all but one of the judges of the Southeast Judicial District favor placing the judgeship in Jamestown.  The weighted caseload study supports the Jamestown location, and there are adequate chambers for the position.

[¶20] Section 27-05-08, North Dakota Century Code, requires no more than 70% of the chambers of this state’s district judges be located in cities with a population of more than 10,000.  Senate Bill 2121 increased the number of district judges statewide to 44.  Chambering this new judgeship in Jamestown complies with this statutory constraint. 

[¶21] We have confidence that the Honorable John T. Paulson, Presiding Judge of the Southeast Judicial District, together with the judges of the district and their successors, will continue to do their best to provide routine, effective judicial services throughout the district.

[¶22] IT IS HEREBY ORDERED, the new judgeship in the Southeast Judicial District, is designated Judgeship No. 10, with chambers in Jamestown, North Dakota, to be filled in the manner provided by N.D.C.C. Chapter 27-25.

[¶23] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring